UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRIOUS COOPER,

Petitioner,

v.

CASE NO. 04-CV-74221-DT
HONORABLE ARTHUR J. TARNOW

KURT JONES,

Respondent.
_________________________________/

**OPINION AND ORDER DISMISSING HABEAS CORPUS PETITION**

Petitioner Demetrious Cooper has applied for the writ of habeas corpus under 28 U.S.C. § 2254. Also pending before the Court is Respondent Kurt Jones' motion for summary judgment and dismissal of the petition for failure to comply with the statute of limitations. For reasons set forth below, the Court agrees with Respondent that the habeas petition is time-barred.

**I. Background**

Petitioner was convicted in 1992 of first-degree murder, MICH. COMP. LAWS § 750.316, assault with intent to commit murder, MICH. COMP. LAWS § 750.83, and possession of a firearm during the commission of a felony (felony firearm), MICH. COMP. LAWS §750.227b. Wayne County Circuit Judge George Best sentenced Petitioner to life imprisonment for the murder conviction, fifteen to thirty years in prison for the assault conviction, and two years for the felony firearm conviction. Petitioner appealed of right,

but the Michigan Court of Appeals affirmed his convictions on October 7, 1994. *See People v. Cooper*, No. 160200 (Mich. Ct. App. Oct. 7, 1994). Petitioner did not pursue an appeal in the Michigan Supreme Court.[1] His convictions became final on December 2, 1994, when the fifty-six-day deadline expired for appealing his convictions in the Michigan Supreme Court. *Erwin v. Elo*, 130 F. Supp.2d 887, 889 (E.D. Mich. 2001) (Tarnow, J.).

Petitioner alleges that he filed a motion for relief from judgment through counsel on February 28, 2002.[2] The trial court denied Petitioner's motion on March 4, 2003, and the Michigan Court of Appeals denied leave to appeal the trial court's decision on the ground that Petitioner had failed to meet the burden of establishing entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Cooper*, No. 247342 (Mich. Ct. App. July 2, 2003). On November 24, 2003, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Cooper*, 469 Mich. 972; 671 N.W.2d 879 (2003). Petitioner's attorney during state collateral review advised Petitioner on December 1, 2003, that he had one year from the Michigan Supreme Court's order dated

---

[1] Petitioner alleges that he did not pursue a direct appeal to the Michigan Supreme Court, because his appellate attorney did not provide him with information or instructions on how to file a *pro se* appeal. Petitioner further alleges that his attorney did not advise him that he had fifty-six days to seek discretionary review in the supreme court.

[2] Respondent maintains that Petitioner filed his motion on December 10, 2002. Whether the motion was filed in February or December of 2002 is irrelevant for purposes of the Court's discussion, because the limitations period expired before the earlier of the two dates.

November 24, 2003, to file a habeas corpus petition in federal court. *See* Pet. for Writ of Habeas Corpus, App. F.

Petitioner signed and dated his habeas petition on October 25, 2004. The grounds for relief read:

> I. A writ of habeas corpus should issue where the trial court's decision to remove a juror without the consent of the Petitioner denied him the right to have his case decided by the jury as originally chosen and denied him due process of law. U.S. CONST AMS V, VI; CONST 1963, ART I, §§ 17, 20.
>
> II. A writ of habeas corpus should issue where the court's first degree murder instruction omitted an important part of the definition of deliberation and premeditation while emphasizing the "inferring state of mind" instruction, the petitioner was denied his right to have a properly instructed jury decide his fate and was denied his right to due process of law. U.S. CONST, AMS V, XIV.
>
> III. A writ of habeas corpus should issue because prosecutorial misconduct denied Petitioner a fair trial in the following ways:
>
> a. The failure of the prosecution to comply with the discovery order and to use the lack of compliance to his advantage was offens[iv]e to the maintenance of a sound judicial process.
>
> b. The prosecutor's cross examination of the Petitioner suggested to the jury that he had an extensive criminal record.
>
> c. The prosecutor vouched for his case and misstated the law.
>
> d. The prosecutor denigrated defense counsel.

e. The prosecutor argued facts not in evidence.

f. The prosecutions' questions and comments impermissibly burdened the Petitioner's right to assist counsel.

IV. A writ of habeas corpus should issue because Petitioner was denied the effective assistance of counsel in the following ways:

A. First prong - deficient performance

1. Trial counsel failed to investigate the case.

2. Counsel failed to object to the deficient premeditation and deliberation instruction.

3. Counsel failed to object to prosecutorial misconduct.

B. Second prong - prejudice

C. Reasonable trial strategy

V. A writ of habeas corpus should issue where the trial judge's comments pierced the veil of judicial impartiality, invaded the province of the jury, and denied Petitioner the right to effective assistance of counsel, the right to a fair trial, and the right to an impartial jury. U.S. CONST, AMS V and XIV.

VI. A writ of habeas corpus should issue where Petitioner was denied the effective assistance of appellate counsel on appeal and where he was prejudiced by the deficient performance, the cause and prejudice barriers of MCR 6.508(D) are met.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted

on April 24, 1996. Among other things, the AEDPA established a one-year period of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). For inmates like Petitioner whose convictions became final before the AEDPA was enacted, there was a grace period of one-year, or until April 24, 1997, to file habeas petitions. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002); *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *overruled on other grounds*, 530 U.S. 1257 (2000). Petitioner did not file his habeas petition until October of 2004. Therefore, his pleading is time-barred unless the limitations period was tolled.

**A. Statutory Tolling under 28 U.S.C. § 2244(d)(2)**

The period of limitations is tolled while a prisoner's properly filed application for state post-conviction review is pending in state court. 28 U.S.C. § 2244(d)(2). Petitioner filed a post-conviction motion in state court in the year 2002. Although the motion included a claim about Petitioner's appellate attorney, *see* Pet. for Writ of Habeas Corpus, App. B, the motion did not affect the statute of limitations, because the one-year limitations period expired before Petitioner filed his motion. *Hargrove v. Brigano*, 300 F.3d. 717, 718 n.1 (6th Cir. 2002). The motion did not delay the date on which Petitioner's conviction became final, *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001), and resolution of the motion did not restart the limitations period. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). "[A] state petition for postconviction review claiming ineffective assistance of appellate counsel tolls, but does not restart, AEDPA's

one-year statute of limitations." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), *cert. denied*, __ U.S. __, 125 S. Ct. 200 (2004).

**B. Equitable Tolling**

The habeas statute of limitations is not jurisdictional, *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003), but a litigant who seeks equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, __ S. Ct. __, No. 03-9627, 2005 WL 957194, at *6 (U.S. Apr. 27, 2005). The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations," *id*. n.8, but the United States Court of Appeals for the Sixth Circuit has concluded "that equitable tolling does apply to the one-year limitation period applicable to habeas petitions." *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). Equitable tolling is appropriate only "after a court has properly considered and balanced the factors set out in *Andrews v. Orr* [851 F.2d 146 (6th Cir. 1988)] unless there is congressional authority to the contrary." *Dunlap*, 250 F.3d at 1009.

> In applying this test, [the Sixth Circuit] look[s] to the following five factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) [the] petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim. *Id*. at 1008. These factors are not necessarily comprehensive and they are not all relevant in all cases.

> *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir.2002). Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis. *Id*.

*Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

Absence of prejudice is not an independent basis for invoking the doctrine of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and Petitioner has not asserted that he lacked notice or constructive knowledge of the filing requirement. Nor has he shown that he was diligent in pursuing his claims, that some extraordinary circumstance prevented him from filing a timely petition, or that his ignorance of the filing requirement was reasonable.

Petitioner's attorney on state collateral review incorrectly advised Petitioner that he had one year from the state supreme court's order dated November 24, 2003, to file a habeas corpus petition. However, Petitioner presumably retained the attorney long after the statute of limitations ran. He filed his motion for relief from judgment about six years after the AEDPA was enacted and approximately five years after the period of limitations expired. Moreover, "a petitioner's reliance on the unreasonable and incorrect advice of his or her attorney is not a ground for equitable tolling." *Allen v. Yukins*, 366 F.3d at 403 (citing *Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003)).

**III. Conclusion**

More than one year expired between the enactment of the AEDPA and the date that Petitioner filed his habeas corpus petition. Petitioner's post-conviction motion in

state court did not affect the limitations period, and Petitioner has provided no basis for equitable tolling. Therefore, Petitioner's pleading is untimely. Respondent's motion for summary judgment and dismissal [Doc. #5] is **GRANTED**, and the petition for a writ of habeas corpus [Doc. #1] is **DISMISSED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: May 3, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 3, 2005, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Case Manager